IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 13-cv-00969-CMA-CBS

KEVIN SMITH,

    Plaintiff,

v.

CARLA HAVARD, and
THE CITY AND COUNTY OF DENVER, COLORADO,

    Defendants.

---

**ORDER ADOPTING AND AFFIRMING OCTOBER 4, 2013
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This case arises from an incident in which Plaintiff Kevin Smith alleges he was tased two times without provocation by Officer Carla Harvard while she was providing off-duty security at a bar.[1] Plaintiff also alleges that Defendant Harvard arrested him and fabricated facts to substantiate his prosecution for assault on a police officer. According to Plaintiff, Defendant Harvard conspired with employees of the bar to tell police that Plaintiff attacked her with a blow to the chest. One of those employees told police that a video recording of the incident did not capture the altercation. But later, a copy of the video surfaced showing key parts of the incident and the charges against Plaintiff were dismissed. This lawsuit followed.

---

[1] These facts are taken from Plaintiff's amended complaint. (Doc. # 28.)

This matter is before the Court on the October 4, 2013 Recommendation by United States Magistrate Judge Craig B. Shaffer that Defendants City and County of Denver and Officer Carla Harvard's Motion to Dismiss (Doc. # 36) be granted in part and denied in part. (Doc. ## 51, 53.) The Recommendation is incorporated herein by reference. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Judge Shaffer also ruled that Defendants' Motion to Stay Discovery (Doc. # 40) should be granted in part and denied in part. (Doc. # 53 at 50.) On October 25, 2013, Defendants filed an objection to Judge Shaffer's Recommendation and discovery ruling. (Doc. # 56.)

### I. MOTION TO DISMISS

In an oral ruling, Magistrate Judge Shaffer recommended that Defendants' Motion to Dismiss be denied as to the malicious prosecution and conspiracy claims but granted as to the municipal liability claim. Specifically, Judge Shaffer found persuasive *Pierce v. Gilchrist*, 359 F.3d 1278 (10th Cir. 2004) and concluded that Plaintiff properly asserted a claim under the Fourth and Fourteenth Amendments for malicious prosecution. He determined, however, that Plaintiff's municipal liability claim was conclusory, and therefore could not survive Fed. R. Civ. P. 12(b)(6) scrutiny.

The Court has conducted a *de novo* review of this matter, including reviewing all relevant pleadings, the Recommendation, and Plaintiff's objection thereto. Based on this *de novo* review, the Court concludes that Judge Shaffer's Recommendation is correct and is not called into question by Plaintiff's objection.

**A.    STANDARDS OF REVIEW**

    1.    Magistrate's Recommendation

"When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to."  In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*

    2.    Fed. R. Civ. P. 12(b)(6)

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests the formal sufficiency of a complaint.  *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).  A complaint will survive such a motion if it contains "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007).  For a motion to dismiss, "[t]he question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law."  *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1192 (10th Cir. 2009).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citation omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff."  *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991).  Nevertheless,

a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which a relief may be granted."  *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

**B.  DISCUSSION**

Defendant Harvard first argues that Plaintiff's claim for malicious prosecution should be dismissed because his allegations are insufficient to make a cognizable claim under the Fourteenth or Fourth Amendments.

  1.  Fourteenth Amendment Claim

Under the framework enunciated by the Supreme Court in *Saucier v. Katz,* 533 U.S. 194, 201 (2001), courts are to conduct two distinct inquiries when encountering a defense of qualified immunity.  First, the court must determine whether the facts, as pleaded by the plaintiff, set forth a constitutional violation.  *Id.*  Second, assuming that a violation has been properly alleged, the court is to determine whether such violation was clearly established as of the time of the conduct.  *Id.; Pierce*, 359 F.3d at 1284.

Defendant Harvard claims that she is entitled to qualified immunity on Plaintiff's Fourteenth Amendment malicious prosecution claim because it is not clearly established.  The Court, however, agrees with Judge Shaffer that *Pierce* demonstrates that it is clearly established that a constitutional violation occurs when an officer falsifies evidence to garner the arrest and prosecution of an innocent person.  359 F.3d at 1285-

86. Although *Pierce* is somewhat factually dissimilar in that involved a forensic scientist that fabricated evidence rather than a police officer, the contours of the right addressed in *Pierce*—that an law enforcement official should not fabricate evidence to subject a person to criminal prosecution—is "sufficiently clear that a reasonable official would understand that what [s]he is doing violates that right." *See Anderson v. Creighton*, 483 U.S. 635, 636 (1987).

Relying on the Tenth Circuit decision in *Becker v. Kroll*, 494 F.3d 904 (10th Cir. 2007), Defendant Harvard argues that because Plaintiff's charges were dismissed at the pre-trial stage, she did not have "notice that her actions could lead to liability for a violations of the Fourteenth Amendment." (Doc. # 56 at 8.) Analytically, however, this argument presents a problem: Defendant Harvard seems to apply the "clearly established" prong in a forward-looking fashion arguing that because Plaintiff was not subjected to a full trial on what he claims are false charges, she cannot be liable for her actions. The Court disagrees that this is an appropriate application of *Saucier's* second prong. Instead, Defendant Harvard's concerns are more aptly analyzed under *Saucier's* first prong and the Court must determine whether Plaintiff's allegations set forth a constitutional violation. *See* 533 U.S. at 201.

The Fourth Amendment protects the right to be free from unreasonable seizures and the Fourteenth Amendment protects the "right to not be deprived of liberty without due process of law, or more specifically, as the result of the fabrication of evidence by a government officer acting in an investigative capacity." *Pierce*, 359 F.3d at 1284. The Tenth Circuit recognizes a malicious prosecution claim sounding in both the Fourth

and Fourteenth Amendments. *See, e.g., Mondragon v. Thompson*, 519 F.3d 1078, 1083 (10th Cir. 2008); *Pierce*, 359 F.3d at 1284.

However, the point in which Fourth Amendment protections end and Fourteenth Amendment protections begin is uncertain. The Tenth Circuit stated, "The initial seizure is governed by the Fourth Amendment, but at some point after arrest, and certainly by the time of trial, constitutional analysis shifts to the Due Process Clause." *Pierce*, 359 F.3d at 1285-86 (internal citations omitted). Both the *Pierce* and *Becker* courts declined to define the point in the prosecutorial process in which the constitutional analysis shifts to the Fourteenth Amendment. *See id.*; *Becker* 494 F.3d at 920. However, *Becker* does make clear that where the Fourth Amendment adequately protects a plaintiff's constitutional liberty interests, he or she does not have a procedural due process claim based on pre-trial depravations of physical liberty. *Becker,* 494 F.3d at 920 (citing *Albright v. Oliver*, 510 U.S. 266 (1994); *Pierce*, 359 F.3d at 1285-86, *Taylor v. Meacham*, 82 F.3d 1556, 1560 (10th Cir. 1996)).[2]

In his complaint, Plaintiff alleges that Defendant Harvard arrested him and then asserted "false facts to police regarding the confrontation in order to justify and conceal

---

[2] The *Becker* court also acknowledges that "the unavoidable construction of [the plurality opinion in] *Albright* is that no § 1983 claim will arise from filing criminal charges without probable cause under the substantive due process protections of the Fourteenth Amendment." 494 F.3d at 918. However, the Tenth Circuit has been inconsistent in its analysis of post-*Albright* claims for malicious prosecution pursuant to the Fourteenth Amendment. *Compare id.* (finding "*Albright's* reasoning regarding substantive due process equally persuasive with regard to the Fourteenth Amendment's procedural component" and therefore questioned the viability of such a claim under procedural due process) *with Mondrago*, 519 F.3d at 1082 ("If [a plaintiff] has been imprisoned pursuant to legal but wrongful process, he has a claim under the procedural component of the Fourteenth Amendment"). Plaintiff's complaint does not state whether his claim arises under the substantive or procedural due process component of the Fourteenth Amendment.

the unjustified attack. Taken together, [O]fficer Harvard . . . fabricated assertions that Mr. Smith began the physical confrontation by attacking [O]fficer Harvard with a forceful blow to the chest." (*Id.*, ¶ 25.)  The complaint goes on to allege, "As a result of Defendant Harvard's . . . assertions of false facts, Mr. Smith was criminally charged and prosecuted with the crime of assaulting a police officer." (*Id.*, ¶ 26.)  The complaint does not clarify at what point the charges against Plaintiff were dismissed, but does state that at some point in the prosecution, a copy of a surveillance video "surfaced which showed key parts of the unprovoked tasering and the beginning of the altercation." (*See Id.*, ¶ 29.)  The complaint further states, "The criminal charges against Mr. Smith were ultimately dismissed after the video surfaced." (*Id.*, ¶ 42.)

Taking the allegations in the complaint as true and drawing all reasonable inferences in Plaintiff's favor, the Court determines that these facts are sufficient to overcome Defendant Harvard's assertion of qualified immunity.  The Court recognizes, however, that Plaintiff's malicious prosecution claim sounding in the Fourteenth Amendment may be reassessed at the summary judgment phase once it becomes clear the point in which the charges against him were dropped.  Accordingly, the Court adopts Judge Shaffer's determination that Defendant Harvard's motion should be denied as to this claim.

    2.    <u>Fourth Amendment Claim</u>

Defendant Harvard next argues that Plaintiff's Fourth Amendment malicious prosecution claim should be dismissed for failure to state a claim because his allegations do not sufficiently support an inference that his underlying prosecution

7

terminated in his favor. (Doc. # 56 at 8.)[3] Defendant Harvard also takes issue with Magistrate Judge Shaffer's reliance on *Wilkins v. DeReyes*, 528 F.3d 790 (10th Cir. 2008), because, according to her, "the instant matter does not share common facts by which *Wilkins* could be the guidepost for the favorable termination inquiry." (Doc. # 56 at 9.) The Court disagrees. *Wilkins*, while factually dissimilar, provides the appropriate standard for determining whether criminal proceedings are terminated in favor of the accused, which Judge Shaffer applied to the facts of the instant case. *See* 528 F.3d at 802-03. *Wilkins* states:

> "Criminal proceedings are terminated in favor of the accused by the formal abandonment of the proceedings by the public prosecutor." Restatement (Second) of Torts § 659(c) (1977). But abandonment of the proceedings is ordinarily insufficient to constitute a favorable termination if "the prosecution [is] abandoned pursuant to an agreement of compromise with the accused; . . . because of misconduct on the part of the accused . . . ; [or] out of mercy requested or accepted by the accused." *Id.* § 660. These reasons for withdrawal of a charge do not necessarily constitute favorable terminations because they do not "indicate the innocence of the accused" or are at least "consistent with guilt." *Id.* cmt. a.
>
> On the other hand, the inability of a prosecutor to prove a case beyond a reasonable doubt at trial can be consistent with the innocence of the accused and can be deemed a favorable termination in favor of the accused. *Id.* cmt. d. Concluding a case cannot be proven beyond a reasonable doubt, a prosecutor might withdraw a criminal charge. . . .

528 F.3d at 802-03.

---

[3] "A § 1983 malicious prosecution claim includes the following elements: (1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008) (internal citation omitted).

Construing the allegations in the complaint in the light most favorable to Plaintiff, Magistrate Judge Shaffer stated that he believed the facts alleged in the complaint lead to the "obvious inference" that after the surveillance video surfaced, "prosecutors made some determination that they could not sustain their burden of proof beyond a reasonable doubt." (Doc. # 53 at 28.)  Judge Shaffer went on to acknowledge that through discovery the parties may find that the reason for the dismissal of Plaintiff's criminal charges does not constitute a favorable termination, but that he did sufficiently plead a claim for malicious prosecution, including the favorable termination element. (*Id.* at 28-29.)

The Court agrees with Magistrate Judge Shaffer's analysis.  Plaintiff's complaint asserts "Officer Harvard inexplicably pulled out her Taser, pointed it at Mr. Smith, and without warning or command, tasered him."  (Doc. # 28, ¶ 20.)   After being tasered again, Plaintiff alleges that Defendant Harvard arrested him and that "as a result of Defendant Harvard's . . . assertions of false facts, Mr. Smith was criminally charged and prosecuted with the crime of assaulting a police officer." (*Id.*, ¶ 26.)  Contrary to Defendant Harvard's assertion, the amended complaint does allege Plaintiff was innocent of the charges.  The complaint states that an employee of the bar told police "that the video recording did not capture the tasering in an attempt to conceal evidence that would **exculpate** Mr. Smith and inculpate the office." (*Id.*, ¶ 27) (emphasis added). However, "a copy the video surfaced which showed key parts of the unprovoked tasering and the beginning of the altercation" and that the charges against Plaintiff were dropped. (*Id.*, ¶ 28, 29.)  Thus, Plaintiff has adequately alleged that the proceedings

against him terminated in his favor, *i.e.*, that the charges were dropped against Plaintiff because the video demonstrated that Defendant Harvard and the employees' version of the events were inaccurate and/or that Plaintiff did not assault Defendant Harvard.  *See Wilkins*, 528 F.3d at 802-03 (affirming the denial of summary judgment because the prosecutor dismissed charges based on a judgment he or she could not prove the case beyond a reasonable doubt).

## C.     REMAINING CLAIMS

Because the Court has determined that Plaintiff's malicious prosecution claims should not be dismissed, it also declines to dismiss his conspiracy claim.  (*See* Doc. # 56 at 9-10 (arguing that because the malicious prosecution claims are not viable, the conspiracy claim must be dismissed)).  Accordingly, the Court overrules Defendant Harvard's objection regarding the conspiracy claim.

The Court has further reviewed Magistrate Judge Shaffer's recommendation to dismiss without prejudice Plaintiff's municipal liability claim and affirms that recommendation for the reasons set forth in the Recommendation.

## II.  OBJECTION TO STAY

Defendant City and County of Denver further objects to Magistrate Judge Shaffer's decision to stay discovery pending Defendant Harvard's qualified immunity defense.  (Doc. # 56 at 10-11.)  Because the Court has denied qualified immunity in this order, this objection is overruled as moot.

### III. **CONCLUSION**

Accordingly, it is hereby ORDERED that Plaintiff's objection (Doc. # 56) is OVERRULED. It is

FURTHER ORDERED that the Recommendation of United States Magistrate Judge Craig B. Shaffer (Doc. # 51) is AFFIRMED and ADOPTED as an order of this Court. Pursuant to the Recommendation, it is

FURTHER ORDERED that Defendants' Motion to Dismiss (Doc. # 36) is GRANTED IN PART AND DENIED IN PART. It is

FURTHER ORDERED that the third claim for relief of the amended complaint is DISMISSED WITHOUT PREJUDICE.

DATED: December 18, 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge